12-3871-cv
RLI Insurance Co. v. JDJ Marine, Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted: March 8, 2013                    Decided: May 10, 2013)

Docket No.  12-3871-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RLI Insurance Co.,
     Plaintiff-Counter-Defendant-Appellee,

          v.

JDJ Marine, Inc.,
     Movant-Defendant-Counter-Claimant-Appellant,

Commerce Bank, N.A.,
     Intervenor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:   NEWMAN, WINTER, and CABRANES, Circuit Judges.

     Motion to reinstate an appeal after a dismissal based on a failure to file a brief in compliance with a scheduling order. The motion is denied.

                         John F. Karpousis, Freehill, Hogan & Mahar,
                         LLP, New York, New York, for Movant-
                         Defendant-Counter-Claimant-Appellant.

PER CURIAM:

Appellant JDJ Marine, Inc., moves to reinstate an appeal dismissed after its failure to comply with this court's second scheduling order for filing a brief. The motion is denied.

BACKGROUND

On September 28, 2012, appellant filed its notice of appeal. It filed a scheduling letter on November 13, 2012 pursuant to Local Rule 31.2(a)(1)[1] selecting a date of January 15, 2013 on which its opening brief and appendix would be due. The court so-ordered the deadline.

On January 10, 2013, five days before the brief was due, appellant filed a motion for an extension of time. In the papers accompanying the motion, appellant stated that counsel had been unable to complete the brief because his offices were significantly affected by the October 28, 2012 storm Hurricane Sandy. Aff. in Supp. of Mot. for Extension to File Br. at 1-2 (Jan. 10, 2013).

On January 17, 2013, we granted the motion for an extension giving counsel an additional month and one-half, as requested, to file a brief. This extension was considerably longer than those normally granted but was believed by the court to be justified by the storm. However, the order stated,

---

[1]Local Rule 31.2(a) establishes the court's brief scheduling procedure. Under this rule, parties set their own deadlines within a period of 91 days of the applicable "ready date" -- typically, for appellants, the date on which the last transcript is received, and, for appellees, the date on which an appellant's brief is filed.

> [T]he appeal is dismissed effective March 1, 2013 unless a brief is filed by that date. A motion for reconsideration or other relief will not stay the effectiveness of this order.

RLI Ins. Co. v. JDJ Marine, Inc., No. 12-3871 (2d Cir. Jan. 17, 2013).

On February 26, 2013, three days before the extended due date, appellant moved for another extension, this time for thirty days. Counsel's supporting affidavit stated that preparation for other cases, out-of-state business travel, and responsibilities as a mediator precluded him from submitting the brief by the due date. Aff. in Supp. of Mot. for Extension to File Br. at 1-2 (Feb. 26, 2013).

Because this court's order of January 17, 2013, directed that the appeal "is dismissed effective March 1 unless a brief is filed by that date" and that "a motion for reconsideration or other relief will not stay the effectiveness of this order," the second motion for an extension, decided on March 8, 2013, was denied as moot in light of the dismissal of the appeal.

On March 8, 2013, appellant filed the present motion to reinstate the appeal. In the accompanying affidavit, counsel stated that he was "prejudiced" because, rather than "decide [his motion] on a timely basis," this court left the motion "open and undecided . . . seven . . . full days after the filing deadline." Aff. in Supp. of Mot. to Reinstate at 2 ¶¶ 5-6. Counsel outlined again in the affidavit the press of other business as the reason for the failure to file a brief.

3

DISCUSSION

A brief discussion is necessary to understand our decision to deny the motion.  About ten years ago, the court faced a caseload crisis.  The number of cases briefed and ready to be calendared for argument was at an historic low, so low that calendars sometimes could not be filled.  This was not the result of a diminished caseload; in fact, pending cases numbered in the thousands above historic levels because of a huge influx of immigration matters.  See, e.g., Comm. on Federal Courts, The Ass'n of the Bar of the City of N.Y., The Surge of Immigration Appeals and Its Impact on the Second Circuit Court of Appeals (2004), available at http://www.nycbar.org/pdf/report/AppealSurgeReport.pdf.

The problem of so few cases ready for argument was determined to be the result of a culture in which the bar had come to believe that the 40- (for appellant) and 30- (for appellee) day time periods set out in Federal Rule of Appellate Procedure 31(a)(1) were meaningless and that motions for extensions of time, usually for 30 days, to file briefs would be routinely granted time after time.  This belief existed in spite of the fact that the orders granting the extensions would just as routinely state, in boldface type no less, that only "EXTRAORDINARY CIRCUMSTANCES" would justify another extension. The cause of the failure of the "EXTRAORDINARY CIRCUMSTANCES" warnings was that the Clerk's Office, which ruled on the motions, was reluctant to resort to coercive measures -- and was so

4

perceived by the bar.  It was, therefore, decided that motions for extensions would be sent to a judge for decision and that, with warnings appropriate to the particular case, coercive measures, including dismissal, would be used when the warnings failed to produce a brief.

Altering a culture in which much of the bar had come to believe that briefing schedules were issued only to be automatically extended until convenient for counsel to file a brief was difficult.  After the new system of judge-decided motions was in place for several years, the number of cases ready for calendaring had increased, but problems remained.  In particular, the Clerk's Office often had to process, and the extensions judge had to decide, 50-75 extension motions per week.

Experiments were undertaken with some attorneys who had numerous appeals pending before the court and were filing equally numerous motions for extensions of time.  In particular, some attorneys were asked to propose a schedule for filing the briefs in all pending cases the attorney had before the court on the understanding that the schedule would be met without further extension motions.  The success of this experiment led to the present method of allowing all parties to appeals and petitions for review to select a filing date within a 91-day period after the ready date, see supra Note 1, or in the case of appellees, after the appellant's brief is filed.  Our 91-day period is considerably longer than that allowed by Federal Rule of Appellate Procedure 31(a)(1).

However, allowing counsel to choose a date within such an extended period of time has a consequence: counsel is expected to comply with the date chosen and extensions of time are granted grudgingly and only for brief periods of time. See 2d Cir. R. 27.1(f).

Moreover, for appellants in civil actions, the extension is often granted with a provision for automatic dismissal of the appeal if the appellant's brief was not filed by the extended date. See 2d Cir. R. 31.2(d) ("The Court may dismiss an appeal . . . for failure to timely file a brief or to meet a deadline . . . ."). When entered, the automatic dismissal provision is accompanied by a warning to counsel that further motions will not stay the effectiveness of the order. This particular warning simply restates a rule of this court that a motion for an extension of time to file a brief does not stay the effectiveness of the scheduling order already in force. See 2d Cir. R. 27.1(f)(1).

When appellees seek extensions, dismissal of the appeal is inappropriate for the obvious reason that a dismissal would benefit the appellee, and an order is often entered that provides for treating the case as ready for calendaring on the extension date whether or not appellee's brief is filed.

In the present matter, appellant has demonstrated a persistent indifference to the court's scheduling orders and local rules. First, the motion for a second extension was inadequate because the press of other business is not an

"extraordinary circumstance" justifying an extension under our rules, especially given the liberal policy of allowing lawyers to establish their own dates for filing briefs within 91 days of the ready date.  See 2d Cir. R. 27.1(f)(1) ("Absent an extraordinary circumstance, such as serious personal illness or death in counsel's immediate family, the court will not grant a motion to extend the time to file a brief.").

Moreover, appellant violated a local rule by waiting until the last minute to file both extension motions.  2d Cir. R. 27.1(f)(3) ("A party seeking to extend the time to file a brief must move as soon as practicable after the extraordinary circumstance arises.").  Appellant's first motion for an extension was filed just five days before the filing date selected by counsel.  Still, it relied on events that had occurred months before the brief's due date and even before counsel selected that date.  Nevertheless, a six-week extension was granted.  The second motion for an extension was filed three days before the date on which the brief was due but relied upon grounds -- trials and mediation -- known for some time, perhaps even before the first extension motion was filed.

Appellant was, therefore, afforded ample time, and considerable choice in selecting dates, in which to file its brief and appendix and given an explicit warning of the consequences of failing to meet the extended deadline.  The order granting the first motion extended the time for filing well beyond the 91-day period and plainly stated that the appeal "is

7

dismissed effective March 1" unless a brief was filed by that date. It stated, further, that a filing of a subsequent motion would not stay the effectiveness of the dismissal order. This notice simply reflected our rules that a "deadline for a brief remains in effect unless the court orders otherwise," 2d Cir. R. 27.1(f)(1), and "[t]he court may dismiss an appeal . . . for failure to timely file a brief or to meet a deadline." 2d Cir. R. 31.2(d).[2] The purpose of these rules is to maintain an orderly docket and to prevent counsel from triggering "automatic" extensions simply by filing motions for extensions and waiting for the rulings. While appellant claims to have been prejudiced by the court's "delay" in deciding the second extension motion, the prejudice is entirely the result of its lack of familiarity with the January 17 order and the court's rules.

We deny the motion for reinstatement. It may well be that the indifference to our scheduling orders and rules described above alone would justify denial. However, we also consider the fact that the motion for reinstatement does not append to it appellant's proposed brief or an appropriately detailed statement demonstrating that the appeal is meritorious. Indeed, it does not even mention the merits of the appeal, an important factor in determining whether reinstatement of an appeal is appropriate.

---

[2]The caveat regarding dismissal for failure to comply not only is included in our local rules, but it is also stated -- in boldface type -- on our website. See United States Court of Appeals for the Second Circuit, Clerk's Office, http://www.ca2.uscourts.gov/clerk/forms_and_instructions/How_to_appeal/Civil_case/Briefing_schedule.htm (last visited Mar. 25, 2013).

See, e.g., Lattanzio v. Comm'n on Massage Therapy Accreditation, 481 F.3d 137, 139 (2d Cir. 2007) (per curiam) (denying the motion for reinstatement because the underlying claims were meritless). From the District Court's thorough opinion, it appears that the appeal is entirely without merit.

We note that the appellee has consented to the reinstatement. While this is certainly a factor to be considered in favor of granting the motion, we deem it outweighed by the court's institutional concerns over handling its docket and requiring adherence to its rules.

## CONCLUSION

For the reasons set forth above, the motion to reinstate the appeal is denied.